UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Madeline Martinez,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Walmart Inc., et al.,<br><br>　　　　　　Defendants. | Case No. 2:20-cv-01065-JCM-DJA<br><br>**REPORT AND RECOMMENDATION** |

This is a slip-and-fall case arising out of Plaintiff Madeline Martinez slipping on water coming from a floor scrubbing machine. Plaintiff sues Walmart for damages, claiming that it was negligent in maintaining its store; hiring, training, and supervising its employees; and is vicariously liable for all defendants. Plaintiff moves to strike Walmart's answer or, in the alternative, for discovery sanctions, arguing that Walmart failed to preserve video evidence of the fall. Because the Court finds that Walmart failed to preserve evidence, but that the failure was inadvertent, it recommends that Plaintiff's motion be granted in part and that the trial judge consider entering an adverse jury instruction regarding the lost footage at trial. The Court finds these matters properly resolved without a hearing. LR 78-1.

**I.    Background.**

Walmart employee Roberto Gonzalez-Verona was using the hose attachment to one of Walmart's floor scrubbing machines to clean out the meat bunker when Plaintiff slipped and fell on water that had splashed to the ground. Walmart and Plaintiff differ over how the fall happened. Walmart claims that Plaintiff had stepped between the scrubbing machine and the meat bunker to reach for a package of meat when she slipped on the water. Walmart also claims that an orange "wet floor" cone was on the ground in front of the machine when this happened and that employees had verbally warned Plaintiff not to step where the floor was wet. Plaintiff

testified that she did not step between the machine and the bunker, but that she slipped on water in front of the machine. She contests whether she was warned verbally or by an orange cone.

The only evidence that could confirm or deny these warnings, Plaintiff claims in her motion, is video evidence that Walmart failed to preserve. Instead of producing video evidence showing the incident, Walmart produced video showing another portion of the store. But the video evidence showing the incident did, at one point, exist because Walmart also produced screenshots of the video depicting when and how Plaintiff fell.

Walmart does not deny that it failed to preserve video evidence showing the incident, but explains it was an honest mistake by a well-meaning employee that Walmart's third-party claims administrator should have caught. After the incident, Walmart's asset protection manager—Anthony Willis—reviewed surveillance footage, taking screenshots of the salient parts, and burned video showing one hour before and one hour after the incident to a DVD. But Willis accidentally burned the wrong video: one from a camera focused straight on the floor and not showing the incident. Unaware that he burned the wrong video, Willis mailed the DVD to Walmart's third-party claims adjuster—Sedgwick Claims Management—who is not a party to this action. Willis testified that, if there was anything wrong with the video, he would have heard from Sedgwick. But Sedgwick never called. Forty-five days after the incident, Walmart's surveillance system taped over the relevant video.

In her motion (ECF No. 38), Plaintiff suggests that Walmart's failure to preserve the video was purposeful, and just another incident of Walmart's "guilty pattern of discovery abuse, intentional delays, destruction of evidence, and misrepresentation." Citing a slew of case law—most of which is not binding on this Court—Plaintiff asserts that the only acceptable sanction is case terminating. In the alternative, Plaintiff requests that the Court order that Walmart had actual and constructive notice of the hazard, strike Walmart's comparative negligence affirmative defense, and order an adverse inference or rebuttable presumption about Walmart's liability and Plaintiff's damages.

In response (ECF No. 43), Walmart argues that it strictly followed its post-fall policies, but that Willis made an honest mistake that Sedgwick failed to catch. Walmart points to

pictures—some of which are Plaintiff's—showing that there was an orange cone on the ground in front of the machine. It explains that notice is not an issue because it does not dispute that Verona's actions led to water being on the floor. Rather, it asserts that Plaintiff can use existing evidence to argue the only item still at issue: whether Walmart took reasonable steps to remedy the hazard or warn Plaintiff about the floor being wet. Walmart asks the Court to deny Plaintiff's motion in its entirety, and if not, that it should only order an adverse inference instruction.

In reply (ECF No. 44), Plaintiff raises a new, and untimely, argument: that Walmart is liable for Sedgwick's negligence because Sedgwick is an agent of Walmart. Plaintiff also appears to concede that Willis acted negligently, rather than willfully. Nonetheless, she argues, the Court should still strike Walmart's answer or impose sanctions.

**II.    Standard.**

The Court may sanction parties for spoliation of evidence under either Rule 37 or its inherent authority. *See Leon v. IDX Systems Corp.*, 464 F.3d 951, 958 (9th Cir. 2006). Federal courts apply federal law when addressing sanctions, regardless of whether it is using its inherent authority or Rule 37. *See Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993). The party requesting spoliation sanctions bears the burden of establishing the elements of a spoliation claim. *Harfouche v. Stars on Tour*, No. 2:13-cv-00615-LDG-NJK, 2016 WL 54203, at *3 (D. Nev. Jan. 5, 2016).

**III.    Discussion.**

    ***a.    Walmart destroyed video evidence.***

The threshold question in a spoliation decision is whether evidence was altered or destroyed. *See Lemus v. Olaveson*, No. 2:14-cv-01381-JCM-NJK, 2015 WL 995378, at *9 (D. Nev. Mar. 5, 2015). If a party alters or destroys evidence, the party requesting spoliation sanctions must further demonstrate that: (1) the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) the evidence was destroyed with a culpable state of mind; and (3) the evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense. *Asfaw v. Wal-Mart Stores, Inc.*, No. 2:19-cv-01292-GMN-NJK, 2021 WL 2006283, at * 1 (D. Nev. May 19,

2021). Many courts in the Ninth Circuit hold that a "culpable state of mind includes negligence." *Soule v. P.F. Chang's China Bistro, Inc.*, No. 2:18-cv-02239-GMN-EJY, 2020 WL 959245, at *4 (D. Nev. Feb. 26, 2020) (compiling cases).

Here, Plaintiff has carried her burden of showing that Walmart spoliated evidence. Walmart does not dispute that the video it should have preserved was destroyed. Walmart also concedes that it had an obligation to preserve it—according to Walmart's own policies—at the time it was destroyed. Walmart asserts that Willis' mistake was non-willful and thus, negligent, meaning that, for the purposes of the spoliation analysis, he had a culpable state of mind. Finally, the evidence was relevant to Plaintiff's claim and Walmart's defense because the screenshots Willis took show that the video depicted the incident. Walmart has thus spoliated video evidence.

### b. The Court recommends an adverse inference instruction as the appropriate sanction.

When considering what sanction is proper upon a finding of spoliation, the court should choose the lease onerous sanction corresponding to the willfulness of the destructive act and the prejudice suffered by the victim. *Soule*, 2020 WL 959245, at *4. The most severe sanction is to strike the defendant's answer, which should not be imposed unless there is clear and convincing evidence of both bad faith spoliation and prejudice to the opposing party. *See id*. (quoting *Micron Technology, Inc. v. Rambus, Inc.*, 645 F.3d 1311, 1328-29 (9th Cir. 2011) (internal quotations omitted)). The middle available sanction is to order a rebuttable presumption against the offending party that the evidence, if it had not been despoiled, would have been detrimental to the despoiler. *Id*. To warrant a rebuttable presumption, the offending party must have consciously disregarded its obligation to preserve lost evidence, meaning it must have willfully destroyed the evidence with the intent to harm. *Id*.

The least severe sanction is to enter an adverse jury instruction that an offending party destroyed evidence and that the evidence was unfavorable to the offending party. *Id*. A finding of bad faith is not a prerequisite to an adverse jury instruction. *See id*. (quoting *Glover*, 6 F.3d at 1329). Rather, simple notice of potential relevance to the litigation will suffice. *Id*. To ensure that a defendant is not prevented from introducing other potentially relevant evidence, the

instruction should be crafted to accurately refer only to the information the missing items could have actually provided. *Id.* at *6. Finally, courts are unable to impose cost- and fee-shifting sanctions in the absence of bad faith. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991); *see Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992).

      Here, an adverse inference instruction is the appropriate sanction. Striking Walmart's answer or its affirmative defenses are not appropriate sanctions because Plaintiff has not shown by clear and convincing evidence—but rather has conceded—that Walmart did not act in bad faith and was simply negligent. Although through striking Walmart's comparative negligence affirmative defense, Plaintiff seeks only to establish that Walmart was fully liable rather than disposing of the entire case, Plaintiff has not demonstrated culpability sufficient to warrant a conclusive liability finding at this stage. And Walmart has conceded that it had notice of the hazard, mooting Plaintiff's request that the Court find that Walmart had notice.

      Plaintiff is also not entitled to a rebuttable presumption about Walmart's liability. Plaintiff has not demonstrated that Walmart willfully destroyed the evidence with the intent to harm. To the contrary, Walmart has admitted to the mistake and demonstrated that its employees otherwise followed its protocol. A rebuttable presumption is not appropriate.

      An adverse jury instruction that the evidence was unfavorable to Walmart, however, is appropriate. Walmart did not act in bad faith, but that is not required for an adverse instruction. Walmart needed only to have notice of the potential relevance of the video to the litigation, which it did, because Willis reviewed and attempted to save the video. Even considering Plaintiff's untimely[1] argument that Walmart is culpable for Sedgwick's actions by virtue of an agency relationship, Plaintiff has not alleged or shown that Sedgwick was anything other than negligent in failing to review the evidence in time to find the mistake.

      Thus, the Court recommends that an adverse jury instruction that the video—had Walmart preserved it—would have been unfavorable to Walmart, is warranted. The Court further

---

[1] Arguments raised for the first time in a reply brief are generally waived. *See U.S. v. Gianelli*, 543 F.3d 1178, 1184 n.6 (9th Cir. 2008).

recommends that the instruction be crafted to refer only to the information that the missing video could have actually provided. Finally, the Court recommends denying both parties' requests for attorneys' fees because neither party has shown that the other engaged in bad faith conduct.

**IT IS THEREFORE RECOMMENDED** that Plaintiff's motion to strike or sanction (ECF No. 38) be **granted in part and denied in part**.

**IT IS FURTHER RECOMMENDED** that the trial judge provide an adverse jury instruction to the trier of fact as a result of Walmart's spoliation as discussed herein.

**IT IS FURTHER RECOMMENDED** that the instruction state, in sum, that video footage depicting Plaintiff's fall, which was within the control of and made unavailable by Walmart, could have provided information unfavorable to Walmart.

**IT IS FURTHER RECOMMENDED** that both Walmart and Plaintiff's requests for attorneys' fees be **denied**.

### NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: August 30, 2021

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE